UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SHARON FORD,
Plaintiff-Appellant,

v.

No. 99-1782

ADVANCED MARKETING SERVICES,
INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CA-99-120-L)

Submitted: November 30, 1999

Decided: January 12, 2000

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Alan Banov, ALAN BANOV & ASSOCIATES, Washington, D.C.,
for Appellant. Eric Hemmendinger, SHAWE & ROSENTHAL, Balti-
more, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Sharon Ford appeals the district court's order dismissing her employment discrimination claim as untimely. For the reasons set forth below, we vacate and remand for further proceedings.

On December 8, 1994, Ford was terminated from her employment with Advanced Marketing Services, Inc. ("AMS"). Ford filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") alleging that she was terminated on the basis of her race and sex. In support of her allegation, Ford stated that she was terminated because she "cursed at a co-worker (male)" while other "employees (white) have cursed at fellow employees" without being terminated. The EEOC issued Ford a right to sue letter, but Ford did not file a lawsuit within the ninety-day time period prescribed by the notice.

Ford filed a second timely charge with the EEOC alleging that she was terminated in retaliation for complaining about gender discrimination in the workplace. Specifically, Ford stated that she "complained to Respondent's Vice President of Human Resources about [her] supervisor's favoritism towards one co-worker" and that she was sexually harassed by a co-worker. The EEOC issued a right to sue letter, and Ford brought the instant suit against her employer within ninety days of her receipt of the notice. The suit alleges that Ford was terminated in retaliation for her opposition to gender discrimination in the workplace.

The district court granted AMS' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In so ruling, the district court relied upon Lo v. Pan Am. World Airways, Inc., 787 F.2d 827 (2d Cir. 1986) (per curiam). In Lo, the Second Circuit dismissed the plaintiff's suit because his second EEOC charge was little more than a reiteration of the same facts in his first EEOC charge, which had lapsed. See id. at 828; Babcock v. Frank, 729 F. Supp. 279, 285 (S.D.N.Y. 1990). Applying Lo, the district court held that Ford's two EEOC complaints alleged the same facts and, therefore, the suit could be timely only if filed within ninety days of the right to sue letter issued on the first EEOC charge. See Ford v. Advanced Mktg. Servs.,

2

Inc., No. CA-99-120-L (May 7, 1999). The court accordingly dismissed Ford's suit with prejudice as untimely. See id.

If materials outside the pleadings are presented and considered by the court, a motion to dismiss should be treated as one for summary judgment. See Fed. R. Civ. P. 12(b); see also Finley Lines Joint Protective Bd. v. Norfolk Southern Corp., 109 F.3d 993, 995-96 (4th Cir. 1997). In reaching its decision that Ford's EEOC complaints alleged the same facts, the district court compared the two charges, effectively converting the motion to dismiss to a motion for summary judgment. See id. This court reviews the district court's ruling de novo, drawing all reasonable inferences in favor of the non-moving party. See Matsushita Elec. Indus. Corp. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Atlas Mach. & Iron Works, Inc. v. Bethlehem Steel Corp., 986 F.2d 709, 712 (4th Cir. 1993).

The record reflects that, although both of Ford's EEOC charges challenged her termination, different facts were raised in each of Ford's charges and each narrative charge supported a different theory of liability. The second charge was not merely a reiteration of the first, as was the case in Lo. The district court thus erred in holding that the same facts were presented in both of Ford's EEOC charges.

Furthermore, a theory of retaliation for past protected activity does not necessarily flow from race and sex discrimination claims. See Evans v. Technologies Applications & Servs., 80 F.3d 954, 963 (4th Cir. 1996) (holding that an untimely charge of age discrimination cannot relate back to a timely charge of sex discrimination because the two theories do not necessarily flow from each other). Based on the principles of Evans, we find that Ford's first EEOC charge does not bar a lawsuit based on her second EEOC charge in which Ford alleges different facts and a different theory of liability.

We accordingly conclude that the district court erred in granting the motion to dismiss. We vacate the district court's order and remand for the district court to conduct further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

VACATED AND REMANDED

3